**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **BRANDON LOBSTEIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 5:26-cv-162** |
| | § | |
| **WTA CONTROL CONSULTANTS AND** | § | |
| **SERVICES, INC. D/B/A CCSI,** | § | |
| **BRAD FISK, Individually, and** | § | |
| **JENNIFER FISK, Individually,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Plaintiff Brandon Lobstein files this Original Complaint against Defendants WTA Control Consultants and Services, Inc. d/b/a CCSI, Brad Fisk and Jennifer Fisk for violations of the Fair Labor Standards Act, and respectfully shows the Court as follows:

### I. NATURE OF SUIT

1.  This is an action for unpaid overtime compensation, liquidated damages, and retaliation damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2.  Defendants classified Plaintiff, a hands-on building-automation field technician, as a salaried exempt employee and failed to pay him time and one-half his regular rate for hours worked over 40 in a workweek. When Plaintiff complained about the practice, Defendants retaliated against him.

### II. PARTIES

3.  Plaintiff Brandon Lobstein is an individual residing in Shallowater, Lubbock County, Texas.

4. Defendant WTA Control Consultants and Services, Inc. is a Texas corporation doing business as CCSI, with its principal office at 12402 Slide Rd., Bldg. 4, Suite 406, Lubbock, Texas 79424. CCSI may be served with process through its registered agent, Brad Fisk, at 12111 Frankford Avenue, Suite 105, Lubbock, Texas 79424, or wherever he may be found.

5. Defendant Brad Fisk is the President and an owner of CCSI. He may be served with process at 5030 CR 7920, Lubbock, Texas 79424, or wherever he may be found.

6. Defendant Jennifer Fisk is the Vice President of CCSI. She may be served with process at 5030 CR 7920, Lubbock, Texas 79424, or wherever she may be found.

7. At all times relevant to this suit, each Defendant has been an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

8. Brad Fisk sets employee compensation at CCSI, makes the final decision on hiring and firing, supervises and controls employee work schedules and conditions of employment, and directed the pay practices at issue in this suit.

9. Jennifer Fisk administers CCSI's payroll, approves and implements pay decisions, controls the handling and retention of employee time records, and controls employee expense reimbursement.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action arises under the laws of the United States.

11. Venue is proper in this district and division under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in Lubbock County, Texas, which is within the Lubbock Division of the Northern District of Texas, and because Defendants reside in this district.

12. This Court has personal jurisdiction over Defendants because CCSI is a Texas corporation with its principal office in Lubbock, Texas, and Brad Fisk and Jennifer Fisk reside and do business in Texas.

## IV. COVERAGE UNDER THE FLSA

13. At all times relevant, CCSI has been an "enterprise" within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant, CCSI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that it has had employees engaged in commerce and employees handling, selling, or otherwise working on goods or materials — including controllers, thermostats, actuators, sensors, wiring, and related building-automation components — that have been moved in or produced for commerce, and, on information and belief, it has had an annual gross volume of sales made or business done of not less than $500,000.

15. At all times relevant, Plaintiff has been an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

16. In his work for Defendants, Plaintiff has been engaged in commerce and has handled goods and materials that moved in interstate commerce, and he has performed work for Defendants in both Texas and New Mexico.

## V. FACTUAL ALLEGATIONS

17. CCSI designs, programs, installs, wires, and services building automation and control systems for customers across West Texas and New Mexico.

18. Plaintiff worked for CCSI from July 25, 2012 until he resigned on July 20, 2026.

19. Plaintiff's work for CCSI has at all times been hands-on field installation and service work: pulling wire, running conduit, installing and replacing controllers, thermostats, actuators, and sensors, working on rooftop units, chillers, and air handlers, and troubleshooting building automation systems at customer sites.

20. Plaintiff performed the same hands-on installation and service work as CCSI's other field technicians.

21. Defendants paid Plaintiff a salary and classified him as exempt from overtime for his entire tenure.

22. Plaintiff regularly worked more than 40 hours per week. During the UMC Health and Wellness project, he worked seven days a week for most of 2023.

23. Defendants never paid Plaintiff an overtime premium for hours worked over 40 in a workweek.

24. Plaintiff's primary duty was not management of the enterprise or of a customarily recognized department or subdivision.

25. Plaintiff did not customarily and regularly direct the work of two or more full-time employees and he did not have the authority to hire or fire other employees; nor were his suggestions and recommendations as to hiring, firing, advancement, or promotion given particular weight.

26. Plaintiff's primary duty was not office or non-manual work directly related to the management or general business operations of CCSI or its customers, and his duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

27. Plaintiff's primary duty was not work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

28. No FLSA exemption, under 29 U.S.C. § 213 or any other provision, applied to Plaintiff.

29. Defendants paid overtime to other CCSI field technicians who performed the same installation and service work as Plaintiff, including technicians who worked alongside him, while refusing to pay overtime to Plaintiff.

30. In 2023, Plaintiff submitted timesheets recording his hours on the UMC project to Jennifer Fisk. She declined to accept them, told Plaintiff that CCSI did not need to track his hours because he was salaried exempt, and shredded them.

31. On May 11, 2026, at 10:40 a.m., Plaintiff sent Brad Fisk a written complaint by text message asking why other technicians were being paid overtime when he had never been paid overtime in his fourteen years at CCSI.

32. At 11:01 a.m. that same morning — twenty-one minutes later — Brad Fisk called Plaintiff and directed him to take a drug test. CCSI had never required Plaintiff to take a drug test in fourteen years of employment. The test was processed as a "pre-employment" screen. The results were negative.

33. In the days that followed, Jennifer Fisk told Plaintiff's coworkers that parts were missing and that Plaintiff was taking them, and coworkers were directed to check Plaintiff's truck for parts.

34. In June 2026, Defendants cut Plaintiff's schedule and directed him to work no more than eight hours per day.

35. On June 15, 2026, Brad Fisk acknowledged to Plaintiff that Plaintiff's role was not exempt from overtime. Plaintiff confirmed that conversation in an email to Brad Fisk on June 16, 2026.

36. On June 26, 2026, Defendants presented Plaintiff with an employment agreement bearing an effective date of May 1, 2026, and describing Plaintiff's position as "Project Coordinator/Technician," together with a newly created "BAS Project Coordinator/Supervisor" job description and a memorandum titled "The Federal Tests." These documents were assembled after Plaintiff's complaint to justify Plaintiff's exemption classification after the fact.

37. The June 26 agreement also contained a noncompete covering a 300-mile radius, a 60-day notice requirement, and other restrictive terms. Plaintiff was the only CCSI employee, of approximately fifteen, who was asked to sign such an agreement.

38. Defendants' treatment of Plaintiff since his May 11, 2026 complaint — the immediate drug test, the theft accusations, the schedule cut, the retroactive reclassification paperwork, and the pressure to sign the backdated agreement — would dissuade a reasonable worker from making or supporting a complaint about unpaid overtime. Defendants' retaliatory conduct made Plaintiff's working conditions so intolerable that a reasonable person in his position would have felt compelled to resign, and Plaintiff was constructively discharged when he resigned on July 20, 2026.

39. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a). Among other things, Defendants paid overtime to other technicians performing the same work while classifying Plaintiff as exempt; Jennifer Fisk refused and destroyed Plaintiff's

timesheets; Brad Fisk acknowledged that Plaintiff's role was not exempt; and Defendants created exemption-justifying documents only after Plaintiff complained.

## VI. CAUSES OF ACTION

### A.    Failure to Pay Overtime

40. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

41. Defendants violated 29 U.S.C. §§ 207 and 215(a)(2) by failing to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over 40 in a workweek.

42. Defendants failed to make, keep, and preserve accurate records of Plaintiff's hours worked as required by 29 U.S.C. § 211(c) and its implementing regulations.

43. Defendants' violations were not in good faith, and Defendants lacked reasonable grounds to believe their pay practices complied with the FLSA. Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages under 29 U.S.C. § 216(b).

### B.    Retaliation

44. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

45. Plaintiff engaged in activity protected by the FLSA when he complained to Brad Fisk about unpaid overtime on May 11, 2026, and thereafter.

46. Defendants retaliated against Plaintiff because of his protected activity, in violation of 29 U.S.C. § 215(a)(3), through the conduct described above, including his constructive discharge.

47. Under 29 U.S.C. § 216(b), Plaintiff is entitled to such legal and equitable relief as may be appropriate to remedy Defendants' retaliation, including compensatory, punitive and liquidated damages.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and award him:

a.       All unpaid overtime compensation under 29 U.S.C. § 216(b);

b.       Liquidated damages in an amount equal to his unpaid overtime compensation;

c.       All legal and equitable relief appropriate under 29 U.S.C. § 216(b) for Defendants' violation of 29 U.S.C. § 215(a)(3), including compensatory, punitive, and liquidated damages;

d.       Reasonable attorney's fees and costs of court;

e.       Pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.       All other relief to which Plaintiff is justly entitled.


Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@welmakerlaw.com
    Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**
**BRANDON LOBSTEIN**