**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **BRANDON LOBSTEIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 5:26-cv-00162-H** |
| | § | |
| **WTA CONTROL CONSULTANTS AND SERVICES, INC. D/B/A CCSI, BRAD FISK, Individually, and JENNIFER FISK, Individually** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT LOCAL COUNSEL**

Plaintiff Brandon Lobstein asks the Court for leave to proceed without local counsel and states the following:

1. Plaintiff brought this lawsuit against WTA Control Consultants and Services, Inc. d/b/a CCSI, Brad Fisk, and Jennifer Fisk for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended. Douglas B. Welmaker is lead counsel of record for Plaintiff and is a member of the bar of this Court. Mr. Welmaker neither resides nor maintains his principal office in this district, and his office is not within 50 miles of the Lubbock courthouse at 1205 Texas Avenue, Lubbock, Texas 79401.
2. Local Rule 83.10(a) requires local counsel "in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district." The rule defines local counsel as "a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending." An attorney who

wishes to proceed without local counsel "must obtain leave from the presiding judge." The rule states no standard for that decision.

3. Mr. Welmaker has practiced law in Texas since 1993. He has litigated single-plaintiff and collective actions under the Fair Labor Standards Act for more than thirty years, and that work makes up substantially all of his practice. He has litigated cases in the Northern District of Texas throughout his career.

4. Local Rule 83.10(b) requires local counsel to be authorized to present and argue a party's position at any hearing the presiding judge calls, and to be able to perform any other duty the presiding judge or the local rules require. Mr. Welmaker will appear before the Court in person on reasonable notice, he is available by telephone or videoconference on short notice, and he will perform each duty Local Rule 83.10(b) assigns to local counsel.

5. This is a single-plaintiff case. Granting leave will avoid duplication of effort and will spare Plaintiff the additional expense of retaining a second firm.

6. If the Court denies this motion, Plaintiff will file a written designation of local counsel within 14 days of the denial, as Local Rule 83.10(a) requires.

For these reasons, Plaintiff asks the Court to grant him leave to proceed without local counsel.

**CERTIFICATE OF CONFERENCE**

No Defendant has appeared in this case. The Clerk issued summonses as to all Defendants on July 28, 2026, and no Defendant has answered or otherwise appeared. A conference was therefore not possible. Under Local Rule 7.1(b)(3), Plaintiff presumes this motion is opposed.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: *<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**
**BRANDON LOBSTEIN**

**<u>CERTIFICATE OF SERVICE</u>**

On August 18, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker