**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| BRANDON LOBSTEIN,<br>Plaintiff,<br><br>**v.**<br><br>WTA CONTROL CONSULTANTS AND SERVICES, INC. D/B/A CCSI, BRAD FISK, INDIVIDUALLY, AND JENNIFER FISK, INDIVIDUALLY,<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No**. 5:26-CV-162 |

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **WTA CONTROL CONSULTANTS AND SERVICES, INC. d/b/a CCSI (hereinafter CCSI), Brad Fisk, and Jennifer Fisk,** the Defendants herein, and files this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

### I. Summary

1. Plaintiff filed this lawsuit alleging entitlement to overtime wages and retaliation under the FLSA against Defendant CCSI and the Fisks. CCSI provides automation technology, including installation, service, and parts, to customers.

2. Plaintiff alleges that he was employed by Defendants, and was paid a salary each year over the course of approximately 14 years of employment as Project Manager. Plaintiff now seeks wages, liquidated damages, and attorneys' fees in a claim for overtime wages and for alleged retaliation.

3. Plaintiff's claims should be dismissed because Plaintiff has failed to state a claim for overtime under the FLSA as he has failed to articulate facts to support coverage, failed to allege facts to support elements (4) and (5) of the overtime claim. Further, Plaintiff's claims for retaliation should be dismissed, as Plaintiff's alleged adverse actions are not material and not adverse.

## II. Legal Standard

4. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

5. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

6. However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more ...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 559 U.S. at 555.

## III. Argument & Authorities

### A. Claim for Overtime

7. In order to state a FLSA claim for overtime, a plaintiff must first allege sufficient facts triggering statutory coverage, and then must plausibly allege (1) that an employer-employee relationship existed during the time that he worked in excess of fort hours per week; (2) that he engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due. *White v. U.S. Corr., LLC*, 996 F.3d 302, 309 (5th Cir. 2021).

8. First, with respect to coverage, Plaintiff provides nothing more than a verbatim recitation of a portion of the enterprise coverage definition, which are conclusory, and has not alleged facts, that if taken as true, establish coverage under the FLSA. *Andrews v. Faith Ministries of Tex., Inc*., No. 3:13-CV-1407-BF**,** 2015 U.S. Dist. LEXIS 91412, at *1 (N.D. Tex. Jul. 13, 2015) (citing *Morrow v. J W Elec., Inc.*, No. 3:11-CV-1988-D, 2011 U.S. Dist. LEXIS 132199, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011); *Lindgren v. Spears*, No. H-10-1929, 2010 U.S. Dist. LEXIS 136491, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010)).

9. As to stating a claim, Plaintiff does not allege that Defendants violated the FLSA's overtime-wage requirements, and does not allege facts to show that he worked overtime, nor the amount of overtime-payment due. Pl. Pet. at 4. Plaintiff's only allegations are conclusory, that "Plaintiff regularly worked more than 40 hours per week." Pl. Pet. at 4. Plaintiff also alleges that he worked "seven days a week for most of 2023" but fails to allege how many hours he worked, or which weeks he worked in excess of 40 hours. Pl. Pet. at 4. Further, to the extent that he alleges Defendant failed to make, keep or preserve records, such a violation does not confer a private right

of action. *Sorrow v. King & George, LLC*, No.4:25-v-01036 , 2026 U.S. Dist. LEXIS 133947, at *9 (N.D. Tex. Apr. 14, 2026).

10. Thus, Plaintiff has failed to put Defendant on notice of the dates and numbers of hours worked for which Plaintiff claims he was undercompensated, and does not allege how much Defendant owes. *Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x. 897, 904 (5th Cir. 2020); *Precourt v. Quirch Foods LLC*, No. 3:26-CV-0765; 2026 U.S. Dist. LEXIS 1432229, at *3 (N.D. Tex. June 29, 2026). As such, plaintiff's complaint fails to state a claim for overtime compensation under the FLSA. *Id; see also Blakely v. Golabs, Inc.*, No. 3:21-cv-2422, 2023 U.S. Dist. LEXIS 144996, at *17-21 (dismissing FLSA claims for failing to allege sufficient facts as to amount of overtime compensation).

11. In addition, Plaintiff's claim beyond a two-year time period should be dismissed as Plaintiff has not alleged facts to show that Defendants acted willfully. FLSA claims must be filed within two years after the of action accrues, or within three years if the alleged violation was "willful." 29 U.S.C. § 255(a). "An employer willfully violates the FLSA if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quotations omitted). Although a plaintiff is not required to plead facts disproving any potential statute of limitations defenses, the statute of limitations may support dismissal under Rule 12(b)(6) where it is evidence from the plaintiff's pleadings that the action is barred. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

12. Here, the Court is not required to determine whether or not Defendants acted willfully, because Plaintiff does not allege facts showing knowledge or reckless disregard, and instead pleads only the bare bones recitals of law, and is therefore conclusory and insufficient as a

matter of law. *Herpin v. Am. Leather Operations, LLC*, Cause No. 3:24-CV-2138-B, 2025 U.S. Dist. LEXIS 60116, at *13 (N.D. Tex. Mar. 31, 2025) (applying two-year statute of limitations and dismissing claim). As such, Plaintiff's claims should be dismissed.

**B. Retaliation**

13. The FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [Chapter 8 (Fair Labor Standards) of Title 29 of the United States Code]." 29 U.S.C. § 215(a)(3). Courts employ the McDonnell Douglas burden shifting approach, wherein the plaintiff must present a prima facie case under the FLSA, and upon establishing a prima facie case, the burden shifts to the defendant to present legitimate, non-retaliatory reasons for its actions. *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). Once the defendants have done so, the burden shifts back to plaintiff to identify evidence from which a jury could conclude that the defendants' proffered reasons are pretexts for retaliation. *Id.*

14. A prima facie case under the FLSA requires a plaintiff to show the following: (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Id.*

15. Here, Plaintiff's factual allegations as to his protected activity is that Plaintiff inquired as to his exempt status on May 11, 2026. Pl. Pet. at 7. Plaintiff's threadbare claim that he "complained" is insufficient as a matter of law, and does not rise to the level of a protected activity. *Hagan*, 529 F.3d at 626. Plaintiff fails to show that Defendants had fair notice that he was making a complaint that could subject them to a later claim for retaliation, or that it was sufficiently clear and detailed, as an assertion of rights protected by the FLSA. *Id.*

16. In addition, his factual allegations as to adverse employment actions are that he was asked to take a drug test, that he was passively accused of theft, that he directed to work no more than 8 hours a day, and that he was asked to sign an employment agreement. Pl's Pet. at 5-6. None of the above actions by Defendants, even if true, constitute an adverse employment action, as a reasonable employee would not have found the actions to be materially adverse. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). None of the above are harmful to the point of dissuading a reasonable worker from making or supporting a charge of discrimination, and none rise to the level of significant as opposed to trivial. *Id.*

17. In *Solis*, the court re-stated that insults, taking personal items, changing locks, or being chastised by superiors are all insufficient to rise to the level of material adversity. *Solis v. Greater Learning, L.P.*, NO. SA-15-CA-239-FBB, 2016 U.S. Dist. LEXIS 198213, at *2 (W.D. Tex. Jan. 11, 2016) (citing *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 331-32 (5th Cir. 2009)). Likewise, in *Tepperwien*, the Second Circuit held that receiving threats of termination, being subjected to comments during meetings, or being switched shifts, were insufficient actions. *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568-72 (2d Cir. 2011).

18. Plaintiff's allegations that he was accused of theft, or that his hours were clarified, are akin to the alleged retaliation discussed in *Solis*, and are insufficient as a matter of law. *Solis*, 22016 U.S. Dist. LEXIS 198213, at *13. Being asked to be drug tested and to sign an employment agreement are likewise insufficient. *White*, 548 U.S. at 69-70. *Harrington v. Aggregate Indus.-Ne. Region, Inc.*, 668 F.3d 25, 32-33 (1st Cir. 2012) (finding termination for failing to take a drug test, not the administration of the test itself, as an adverse action); *Jolivet v. Compass Grp. USA, Inc.*, (no discussion that presenting an employment agreement constituted an adverse action and

instead only considering withdrawal of offer as adverse). As such, Plaintiff has failed to articulate adverse employment actions as a matter of law, and has therefore failed state a claim for relief.

**IV. Conclusion**

19. Plaintiff has failed to state a claim for unpaid overtime because Plaintiff has failed to allege sufficient facts of coverage or of facts to support hours or time or amounts of overtime claimed. Further, Plaintiff has failed to state a claim for retaliation because Plaintiff's alleged adverse employment actions are insufficient to establish a claim for retaliation, and both claims should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants request this matter be set for hearing, and that after the same, the Court grant Defendants' Motion to Dismiss, and dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief the court deems appropriate.

Dated: September 17, 2026

Respectfully submitted,

*/S/ Joshua D. Frost*
Joshua D. Frost
State Bar No. 24097711
FIELD MANNING STONE AYCOCK P.C.
2112 Indiana Avenue
Lubbock, Texas 79410-1499
806/792-0810 (Telephone)
806/792-9148 (Facsimile)
Email: jfrost@lubbocklawfirm.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing instrument via the Court's ECF notification system was on September 17, 2026, served on all counsel who have entered their appearance in the Court's ECF system, as follows:

Douglas Welmaker
Welmaker Law, PLLC
505 E. Magrill
Longview, Texas 75601
doug@welmakerlaw.com
Attorney for Plaintiff

*/S/ Joshua D. Frost*
Joshua D. Frost