**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **BRANDON LOBSTEIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 5:26-cv-00162-H** |
| | § | |
| **WTA CONTROL CONSULTANTS AND SERVICES, INC. D/B/A CCSI, BRAD FISK, Individually, and JENNIFER FISK, Individually** | § § § § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Brandon Lobstein files this response to the Motion to Dismiss that Defendants WTA Control Consultants and Services, Inc. d/b/a CCSI, Brad Fisk, and Jennifer Fisk filed on September 17, 2026. Defs.' Mot. to Dismiss, Dkt. 8.

Lobstein sued Defendants on July 25, 2026, under the Fair Labor Standards Act for unpaid overtime and for retaliation. Pl.'s Original Compl., Dkt. 1. Defendants moved to dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 8.

A party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Defendants served their motion through the Court's electronic filing system on September 17, 2026, and the twenty-first day after service is October 8, 2026. Lobstein has not amended his Complaint before. Within that period, and together with this response, Lobstein has filed his First Amended Complaint.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by

reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). The First Amended Complaint does not adopt or incorporate the Original Complaint. It adds factual allegations on each ground the motion raises: FLSA coverage, the workweeks in which Lobstein worked more than forty hours, willfulness, his protected activity, and the actions Defendants took after it. *See* First Am. Compl. ¶¶ 14-21, 33-40, 41-53. This case is in its early stages. No defendant has answered, no scheduling order has been entered, and no discovery has been taken. In this posture, this Court has denied a pending motion to dismiss as moot without prejudice to refiling. *Varghese v. Hendrick Provider Network*, No. 1:25-CV-161-H, Dkt. No. 42, at 2 (N.D. Tex. May 8, 2026) (denying the motion "[g]iven the amended complaint's addition of new defendants and factual allegations, and because this case is still in its early stages").

**CONCLUSION**

The Court should deny Defendants' Motion to Dismiss (Dkt. 8) as moot.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**
**BRANDON LOBSTEIN**

**CERTIFICATE OF SERVICE**

On October 8, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker