**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| BRANDON LOBSTEIN,<br>Plaintiff,<br><br>**v.**<br><br>WTA CONTROL CONSULTANTS AND SERVICES, INC. D/B/A CCSI, BRAD FISK, INDIVIDUALLY, AND JENNIFER FISK, INDIVIDUALLY,<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No**. 5:26-CV-162 |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES WTA CONTROL CONSULTANTS AND SERVICES, INC. d/b/a CCSI, Brad Fisk, and Jennifer Fisk,** the Defendants herein and files this Original Answer, and would respectfully show the Court as follows:

## A. ADMISSIONS & DENIALS

### I. Nature of Suit

1. Defendants admit the allegations in paragraph No. 1, but denies that Plaintiff is entitled to relief.

2. Defendants admit that they classified Plaintiff as a salaried exempt employee, and deny the remaining allegations in paragraph No. 2.

3. Defendant denies the allegations in Paragraph No. 3.

### II. Parties

4. Defendants admit the allegations in paragraph No. 4.

5. Defendants admit the allegations in paragraph No. 5.

6. Defendants admit the allegations in paragraph No. 6.

7. Defendants deny the allegations in paragraph No. 7.

8. Defendants deny the allegations in paragraph No. 8.

9. Defendants admit the allegations in paragraph No. 9.

10. Defendants deny the allegations in paragraph No. 10.

**III. Jurisdiction and Venue**

11. Defendants admit the allegations in paragraph No. 11.

12. Defendants deny any events giving rise to Plaintiff's claims, but admits that Defendants reside in the District.

13. Defendants admit the allegations in Paragraph No. 13.

**IV. Coverage Under The FLSA**

14. Defendants admit the allegations in Paragraph No. 14.

15. Defendants admit the allegations in Paragraph No. 15.

16. Defendants admit the allegations in Paragraph No. 16.

17. Defendants admit the allegations in Paragraph No. 17.

18. Defendants admit the allegations in Paragraph No. 18.

19. Defendants admit the allegations in Paragraph No. 19.

20. Defendants admit the allegations in Paragraph No. 20.

21. Defendants admit the allegations in Paragraph No. 21.

**V. Factual Allegations**

22. Defendants admit the allegations in Paragraph No. 22.

23. Defendants deny the allegations in Paragraph No. 23.

24. Defendants deny the allegations in Paragraph No. 24.

25. Defendants deny the allegations in Paragraph No. 25.

26. Defendants deny the allegations in Paragraph No. 26.

27. Defendants deny the allegations in Paragraph No. 27.

28. Defendants deny the allegations in Paragraph No. 28.

29. Defendants deny the allegations in Paragraph No. 29.

30. Defendants deny the allegations in Paragraph No. 30.

31. Defendants admit the allegations in Paragraph No. 31.

32. Defendants deny the allegations in Paragraph No. 32.

33. Defendants deny the allegations in Paragraph No. 33.

34. Defendants deny the allegations in Paragraph No. 34.

35. Defendants deny the allegations in Paragraph No. 35.

36. Defendants deny that Plaintiff worked overtime in all of those workweeks, but admits to paying Plaintiff a salary, and, at times, a bonus, and that Plaintiff was not paid overtime.

37. Defendants deny the allegations in Paragraph No. 37.

38. Defendants deny the allegations in Paragraph No. 38.

39. Defendants admit to informing Plaintiff that Defendant was salaried exempt. Defendants deny the remaining allegations in Paragraph No. 39.

40. Defendants admit to paying overtime to some non-exempt employees, but deny the remaining allegations in Paragraph No. 40.

41. Defendants admit the allegations in Paragraph No. 41.

42. Defendants admit that a drug test was required by one of Defendants' customers, USPS, and that Plaintiff (along with other employees that worked at the job site) were requested to take a drug test to satisfy customer requirements for contracting and payment.

43. Defendants admit that employees were routinely encouraged to check for missing tools and parts from jobs, and to check equipment in and out to help track equipment, but denies accusing Plaintiff of any wrongdoing.

44. Defendants admit that Plaintiff wrote to Mr. Fisk.

45. Defendants deny any new requirements in June of 2026.

46. Defendants deny the allegations in Paragraph No. 46.

47. Defendants admit that Plaintiff sent written email correspondence to Defendants.

48. Defendants admit to presenting Plaintiff with an employment agreement, and admits that it had a job description consistent with his current job duties. Defendant denies the remaining allegations contained in Paragraph No. 48.

49. Defendants admit to including a non-compete clause in the draft Employment Agreement.

50. Defendants admit to the allegations in Paragraph No. 50.

51. Defendants admit that Plaintiff wrote to Fisk. Defendants deny telling Plaintiff the employment agreement would or would not contain any specific provisions.

52. Defendants previously admitted to drug tests pursuant to customer requirements. Defendants deny the allegations regarding accusations of theft, and deny imposing a "new" eight-hour limit on workdays. Defendants admit to preparing additional employment agreements. Defendants deny the remaining allegations in Paragraph No. 52.

53. Defendants deny any violations of the FLSA, willful or otherwise. Defendants deny that Plaintiff was employed only as a "technician," and deny that the remaining allegations in Paragraph No. 53.

**VI. Count One – Failure to Pay Overtime**

54. Defendants restate each of its answers to paragraphs 1 through 53 of Plaintiff's First Amended Complaint as previously plead herein. Except to the extent already denied, Defendants are not required to respond to allegations in a pleading to which no response is required, and therefore the allegation in paragraph 54 is denied or avoided. FED. R. CIV. P. §8(b)(6).

55. Defendants deny the allegations in Paragraph No. 55.

56. Defendants deny the allegations in Paragraph No. 56.

**VII. Count Two: Retaliation**

57. Defendants restate each of its answers to paragraphs 1 through 56 of Plaintiff's First Amended Complaint as previously plead herein. Except to the extent already denied, Defendants are not required to respond to allegations in a pleading to which no response is required, and therefore the allegation in paragraph 57 is denied or avoided. FED. R. CIV. P. §8(b)(6).

58. Defendants deny the allegations in Paragraph No. 58.

59. Defendants deny the allegations in Paragraph No. 59.

60. Defendants deny the allegations in Paragraph No. 60.

**VIII. Prayer for Relief**

61. Defendants deny that Plaintiff is entitled to judgment or the award of damages, and deny that Plaintiff is entitled to attorneys fees.

## B. AFFIRMATIVE DEFENSES

62. Defendants are not liable, in whole or in part, because Plaintiff is exempt.

63. Defendants are not liable, in whole or in part, because they acted in good faith.

64. Defendants are not liable, in whole or in part, because Plaintiff did not work the hours claimed, and/or some hours were not compensable as "hours worked" under the FLSA.

65. Defendants are not liable, in whole or in part, because of the statute of limitations. 29 U.S.C. 255(a).

66. Defendants reserve the right to assert additional affirmative defenses.

## PRAYER

For these reasons, Defendant asks the court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief the court deems appropriate.

Respectfully submitted,

*/S/ Joshua D. Frost*

Joshua D. Frost
State Bar No. 24097711
FIELD MANNING STONE AYCOCK P.C.
2112 Indiana Avenue
Lubbock, Texas 79410-1499
806/792-0810 (Telephone)
806/792-9148 (Facsimile)
Email: jfrost@lubbocklawfirm.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing instrument via the Court's ECF notification system was on November 25, 2026, served on all counsel who have entered their appearance in the Court's ECF system, as follows:

*/S/ Joshua D. Frost*
Joshua D. Frost